Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICHAEL MUTHEE MUNYWE,<br><br>Plaintiff,<br><br>v.<br><br>JULIE DIER; JEFFREY THIRY;<br><br>BRIAN SHE; and WILLIAM MUSE,<br><br>Defendants. | No.: 21-cv-5218 BJR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DISMISSING COMPLAINT |

## I. INTRODUCTION

Plaintiff Michael Munywe filed a complaint for damages and injunctive relief under 42 U.S.C. §1983, against Defendants Jeffrey Thiry, Brian She, Julie Dier, and William Muse (collectively, "Defendants"), who are patrol officers and detectives with the Tacoma Police Department. Munywe claims that during the several hours he was in Defendants' custody, he suffered violations of his rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. § 1981, stemming from being tightly handcuffed, exposed to

cleaning fumes on the floor of his holding cell, and denied water and access to a bathroom. Plaintiff also alleges that Defendants made discriminatory remarks about his accent and national origin.

This matter comes before the Court on the Report and Recommendation ("R&R") of U.S. Magistrate Judge J. Richard Creatura, concerning cross motions for summary judgment filed respectively by Munywe and Defendants. Dkt. No. 52. The R&R recommends denying Plaintiff's Motion for Summary Judgment, Dkt. No. 23, granting Defendants' Motion for Summary Judgment, Dkt. No. 34, and dismissing Plaintiff's claims with prejudice. Plaintiff filed an Objection to the R&R. Dkt. No. 53. Having reviewed the R&R, the briefs and exhibits filed in support of and opposition to the Motions for Summary Judgment, and the Objection filed in response to the R&R, the Court finds and rules as follows.

## II.     BACKGROUND

The Report and Recommendation provides a thorough recitation of the underlying facts of this case, which need not all be repeated. In brief summary, Plaintiff was detained on the evening of November 21, 2018 on suspicion of sexual assault of a minor. He was transported to a Tacoma Police Department station by patrol officers, Defendants Thiry and She, and initially placed in a holding cell, where he was held for approximately seven hours pending investigation into the sexual assault allegations. Plaintiff claims that during this time, he was placed in "very tight handcuffs" in a manner that caused injury to his wrists and forced him to struggle on the concrete bench, resulting in bruising to his knees. He also claims the holding cell contained "toxic cleaning fumes," which were "irritating" and "choking" and have caused him continuing respiratory problems. In support of his discrimination claims, Plaintiff alleges

that Defendants asked where he was from, and when Plaintiff responded Kenya, they said, "it makes it worse" and he was "in big trouble." He further alleges that Defendants denied him both drinking water and access to the bathroom while he was in the holding cell. In support of his allegations, Plaintiff has submitted his own sworn statements, but no other relevant supporting documentation or evidence.[1]

Defendants have denied that Plaintiff was handcuffed in a manner that caused him injury. They claim that at the time, Plaintiff never expressed complaints about cleaning fumes, and that when he did ask for water and complained about his handcuffs being too tight, Defendants provided water and removed the cuffs. To the extent Plaintiff was for several hours denied water or access to the bathroom, Defendants argue, the denial could have been reasonably related to preventing Plaintiff from removing any potential evidence before a warrant could be issued authorizing swabs, relevant to the sexual assault investigation. Finally, Defendants argue that their inquiry into Plaintiff's accent and national origin was directly related to the sexual assault investigation, as there was indication that the suspect spoke with an accent. In support of their motion, Defendants have submitted several affidavits, and documentary, video, and photographic records of Plaintiff's detention at the police station.

Plaintiff was in the holding cell for approximately seven hours, while the victim underwent a sexual assault examination and the officers obtained a search warrant. Within

---

[1] The Court agrees with, and adopts, Magistrate Judge Creatura's analysis of Plaintiff's claimed evidence. *See* R&R, pp. 5-7. Conclusory arguments and unsworn allegations are not evidence. *See Soto v. Unknown Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (finding pro se inmate's unsworn responses to defendant's motion for summary judgment was not competent evidence; pro se inmates are not "entirely release[d] ... from any obligation to identify or submit some competent evidence[.]"). Thus, as the R&R concludes, the only competent and relevant evidence Plaintiff has submitted are his affidavits.

minutes of a judge authorizing the warrant, Plaintiff was escorted from the holding cell and placed in an interview room, where Defendants removed his handcuffs and gave him water.

### III.     DISCUSSION

#### A. Eighth Amendment Claim

The R&R recommends dismissal of Plaintiff's Eighth Amendment claim. As the R&R observes, and as Plaintiff does not dispute, Eighth Amendment protections against cruel and unusual punishment "apply only once a prisoner has been convicted of a crime." R&R at p. 11, (citing *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) (citation omitted)). It is undisputed that at the time of the events in question, Plaintiff had not yet been "convicted of a crime." The Court therefore adopts the R&R's conclusion as to this claim, which is hereby dismissed.

#### B. Fourteenth Amendment Claims

The R&R analyzes Plaintiff's claim of unconstitutional conditions of confinement under the Due Process Clause of the Fourteenth Amendment, and concludes that Plaintiff has failed to provide evidence supporting his claim. R&R at pp. 12-18. In particular, the R&R emphasizes the lack of evidence of injury to Plaintiff's wrists or knees, or of any respiratory distress that may have been caused by the alleged "toxic cleaning chemicals" in the holding cell, either in the form of a medical record or request for medical attention, or visual evidence available from the photographs and videotaped interview of Plaintiff while he was at the station.[2] In fact, while

---

[2] Plaintiff has submitted a kite and a medical bill from 2020, related to an examination of a lump in his breast (a condition known as "gynecomastia"), which Plaintiff at the time had been experiencing "for weeks." *See* Exs. 1 & 2 to Pl.'s Resp., Dkt. No. 48. Plaintiff suggests the condition is somehow causally related to the fumes to which he was allegedly exposed in the holding cell. There is no evidence that this condition has any causal relationship to exposure to toxic chemicals, or might otherwise be related in any way to Plaintiff's detention a year and a half earlier. This evidence is not probative of any of Plaintiff's allegations, and is thus immaterial.

Plaintiff alleges the handcuffs and holding cell floor caused bruises, swelling, and cuts to his wrists and knees, the R&R observes that the video and photographs taken at that time show no evidence of any injuries, or even of Plaintiff expressing any major discomfort in his knees or wrists.[3] Notably, although Plaintiff claims the situation caused "scarring" of his knees, he has failed to provide any photographic evidence of such scarring, which would presumably still be evident.

The R&R also notes that "the undisputed evidence shows that defendants had an objectively reasonable basis to keep plaintiff handcuffed in the holding cell and deny him water and bathroom use"—specifically, to prevent Plaintiff from destroying or washing off any evidence related to the sexual assault investigation, pending the issuance of a search warrant. R&R at p. 15.

Plaintiff's Objections in response to the R&R fail to provide any competent evidence supporting his allegation that he suffered injuries in the holding cell that might overcome Defendants' evidence to the contrary. He also fails to provide any evidence that might support a finding that under the circumstances, Defendants lacked a reasonable basis for the conditions of his confinement. Instead, Plaintiff repeatedly asserts variations on his claim that Defendants "have decided to lie to this Court." Objs. at 1. As noted, Plaintiff's unsworn statements are not evidence and in any event, they lack the factual specificity necessary to support his claims. As recommended by the R&R, Plaintiff's Fourteenth Amendment claims are dismissed.

---

[3] Early in the interview, after Defendants had removed his handcuffs, Plaintiff "touched" and "stretched" his wrists, and said they were "uncomfortable." There is no further indication in the video that Plaintiff's wrists or knees were in pain or injured. *See* R&R at 10 (citing Dkt. 37, Interview Video).

### C. Fourth Amendment Claim

The R&R also analyzed Plaintiff's claim as one of excessive force in violation of the Fourth Amendment. *See* R&R, pp. 18-19. For the same reasons Plaintiff's Due Process claims fail, discussed above, his Fourth Amendment claim fails as well. Plaintiff has not submitted any competent evidence of injuries to his wrists or knees that would call into question Defendants' video and photographic evidence of *lack* of any injury. In the absence of such evidence and thus, of any dispute of material fact, Plaintiff's Fourth Amendment claim must also be dismissed.

### D. Claims of Discrimination Based on Race/National Origin

As described above, Plaintiff claims that during his detention, Defendants asked where Plaintiff was from and inquired about his "thick accent," stating in response to Defendant's answer that he was from Kenya, that "that makes it even worse." These allegations, without more, fail to make out an Equal Protection claim. There is no evidence that these remarks were motivated by any racial or anti-immigrant animus, which Defendants instead deny. To the contrary, the inquiries clearly served a legitimate investigatory purpose, as the alleged assailant was reported to have spoken with an accent. Moreover, the detectives were attempting to verify that Plaintiff was capable of being interviewed in English without an interpreter present. *See* Decl. of William Muse, ¶¶ 21-22. Plaintiff's Objections to the R&R fail to remedy these deficiencies. In the absence of any evidence of intent to discriminate, Plaintiff's Fourteenth Amendment/Equal Protection claim fails.

The R&R also recommends dismissal of Plaintiff's claim brought under 42 U.S.C. §1981. That statute "has a specific function: It protects the equal right of '[a]ll persons within

the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). Thus to state a claim, a plaintiff must "identify a contractual relationship" or "rights under the existing (or proposed) contract that [plaintiff] wishes to make and enforce." *Id*., 546 U.S. at 479–80 (citations omitted). Plaintiff does not (and credibly could not) allege an actual or proposed contractual relationship here, or explain in what way he believes this statute might apply to the facts of this case. This claim is frivolous and, as the R&R recommends, should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons:

(1) The Court adopts the Report and Recommendation;

(2) Defendants' Motion for Summary Judgment (Dkt. 34) is granted;

(3) Plaintiff's Motion for Summary Judgment (Dkt. 23) is denied; and

(4) The Clerk is directed to close this case and send copies of this order to Plaintiff, counsel for Defendants, and to the Hon. J. Richard Creatura.

DATED this 15th day of June, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge